# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, ) ) ) Plaintiff, ) ) v. ) ) REPUBLIC TELECOM SERVICES, INC., ) et al., ) ) Defendants. ) | No. 4:21-CV-815 RLW |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff State Farm Mutual Automobile Insurance Company's ("State Farm") Motion for Default Judgment (ECF No. 12) against Defendants Republic Telecom Services, Inc. ("Republic") and Cartrina Ryan. The motion is moot as to Defendant Ryan, who obtained leave of Court to file her Answer out of time. For the following reasons, the Court will deny State Farm's Motion for Default Judgment against Republic without prejudice.

The record shows that Republic was served with process on July 16, 2021 (ECF No. 8), but did not timely file an Answer or other response to the Complaint. Consequently, the Court ordered Plaintiff to file motions for entry of default by the Clerk of the Court under Federal Rule of Civil Procedure 55(a) and for default judgment under Rule 55(b). See Order of August 16, 2021 (ECF No. 9). Plaintiff complied with the Court's Order and filed the motions. A Clerk's Entry of Default was entered against Republic on September 16, 2021 (ECF No. 18).

"The Federal Rules of Civil Procedure commit the entry of a default judgment against a party to the sound discretion of the trial court." F.T.C. v. Packers Brand Meats, Inc., 562 F.2d 9,

10 (8th Cir. 1977) (per curiam) (citations omitted); see also Fed. R. Civ. P. 55(b)(2).  In cases where co-defendants are similarly situated, even if the liability asserted against them is not joint, the Eighth Circuit has held that default judgment should not be entered against a defaulting defendant if the other defendant might prevail on the merits.  See Angelo Iafrate Constr., LLC v. Potashnick Constr., Inc., 370 F.3d 715, 722 (8th Cir. 2004).  This principle is designed to avoid inconsistent judgments.

The Complaint alleges that Ryan sued Republic in state court for personal injuries arising out of an accident between Ryan's automobile and a "crane" operated by Republic's employee or agent.  Although on opposite sides of the state court litigation, Ryan and Republic are similarly situated for purposes of this action.  Plaintiff seeks a declaration that the automobile liability insurance policy it issued to Republic does not provide coverage for the accident at issue or require it to defend Republic in the state court litigation.  Defendant Ryan's Answer disputes these issues and Plaintiff's entitlement to such a declaration.  As such, the Court finds there is a possibility of inconsistent judgments if default judgment were to be entered against Republic at the present time.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff State Farm Mutual Automobile Insurance Company's Motion for Default Judgment (ECF No. 12) is **DENIED as moot** as to Defendant Cartrina Ryan and **DENIED without prejudice** as to Defendant Republic Telecom Services, Inc.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 22nd day of September, 2021.

2